UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RON ERIC WRIGHT,

    Plaintiff,

    v.                                    CAUSE NO. 3:24-CV-71-DRL-MGG

J. GALIPEAU *et al.*,

    Defendants.

OPINION AND ORDER

Ron Eric Wright, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against three defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Wright, who has been housed at Westville Correctional Facility since November 16, 2023, alleges he is being subjected to deplorable living conditions. ECF 1 at 2. He states Westville is infested with cockroaches, rats, and mice, the showers are covered in black mold, and the drains are backed up in almost every building. *Id*. The heat does not work, the windows are broken, and the water barely works. *Id*. Mr. Wright asserts the tap water is contaminated, the ceilings are falling in, and the electrical wiring

hangs out of the walls and is a fire hazard. *Id*. Mr. Wright seeks money damages in the amount of $25,000 and asks to be transferred to another facility. *Id*. at 3.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (when inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

2

In this case, Mr. Wright has sued three defendants. With respect to Warden John Galipeau, it appears he is trying to hold Warden Galipeau liable because he is the top official at the prison. Liability under 42 U.S.C. § 1983 is based on personal responsibility, however, and the Warden cannot be held liable for damages solely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is insufficient factual content from which the court could plausibly infer that Warden Galipeau personally engaged in conduct akin to criminal recklessness with respect to the conditions Mr. Wright describes. He has not stated an Eighth Amendment claim for damages against Warden Galipeau.

Nevertheless, the complaint can be read to allege that Mr. Wright is requesting injunctive relief to remedy alleged unconstitutional conditions at the prison. The Warden is a proper defendant for such a claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Wright will be permitted to proceed against Warden Galipeau in his official capacity to obtain permanent injunctive relief needed to remedy the alleged unconstitutional conditions of confinement he describes.

Mr. Wright has also named the Indiana Department of Correction as a defendant, but the State of Indiana and its agencies are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Additionally, state agencies have Eleventh Amendment immunity from a claim for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) ("The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has

3

abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. This immunity extends to state agencies and state officials in their official capacities. There is no dispute that the DOC is a nonconsenting state agency, and Congress has not abrogated [Indiana's] Eleventh Amendment immunity for plaintiff's claims brought pursuant to § 1983.") (internal quotation marks and citations omitted). Mr. Wright may not proceed against the Indiana Department of Correction.

Furthermore, Mr. Wright has named Westville Correctional Facility as a defendant. However, the prison is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because Westville is not a suable entity, he may not proceed on this claim.

For these reasons, the court:

(1) GRANTS Ron Eric Wright leave to proceed against Warden John Galipeau in his official capacity on an Eighth Amendment claim to obtain permanent injunctive relief to remedy the alleged unconstitutional conditions of confinement;

(2) DISMISSES all other claims;

(3) DISMISSES the Indiana Department of Correction and Westville Correctional Facility;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service, if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden John Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 13, 2024 *s/ Damon R. Leichty*
Judge, United States District Court