UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RON ERIC WRIGHT,

    Plaintiff,

    v.                                        CAUSE NO. 3:24cv71 DRL-AZ

JASON SMILEY,

    Defendant.

## OPINION AND ORDER

Ron Eric Wright, a prisoner without a lawyer, is proceeding in this case against Warden Jason Smiley "in his official capacity on an Eighth Amendment claim to obtain permanent injunctive relief to remedy the alleged unconstitutional conditions of confinement[.]" ECF 5 at 4; ECF 8. Warden Smiley filed a summary judgment motion, arguing Mr. Wright didn't exhaust his administrative remedies before filing this lawsuit. ECF 13. Mr. Wright filed a response, and Warden Smiley filed a reply. ECF 18, 20, 24. Mr. Wright then filed an unauthorized surreply, which Warden Smiley has moved to strike. ECF 41, 43.[1] The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

---

[1] Northern District of Indiana Local Rule 56-1(b) provides an opportunity for only a single response. Nevertheless, the court has reviewed the contents of Mr. Wright's sur-response, and concludes the arguments raised in the sur-response have no impact on the disposition of this case.

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Warden Smiley provides an affidavit from Westville Correctional Facility's (WCF) Grievance Specialist and Mr. Wright's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF. ECF 14-1

2

at 3. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 4-5; ECF 14-2 at 4. Mr. Wright's grievance records show he never submitted any relevant grievance at WCF related to his claims here. ECF 14-1 at 10; ECF 14-3. Specifically, the grievance office has no record of ever receiving any grievances from Mr. Wright during his incarceration at WCF. *Id.*

In his response, Mr. Wright concedes he never fully exhausted any relevant grievance related to his claim in this lawsuit. ECF 20. The court thus accepts that as undisputed. Instead, Mr. Wright argues his administrative remedies were unavailable because he submitted a relevant grievance on January 5, 2024, but never received any receipt or response from the grievance office. *Id.*; ECF 20-2 at 2.

Here, accepting as true that Mr. Wright submitted a grievance on January 5, 2024, and never received any receipt or response from the grievance office, the undisputed facts show he still had available administrative remedies he hadn't exhausted at the time he filed this lawsuit on January 10, 2024.[2] Specifically, the Offender Grievance Process provides that, once an inmate submits a grievance, the Grievance Specialist has ten business days to "either return an unacceptable form or provide a receipt for an accepted form." ECF 14-2 at 10. Thus, it's undisputed Mr. Wright filed this lawsuit before the Grievance Specialist's time to respond to his grievance had even expired. *See Perez*, 182 F.3d at 535 (a prisoner must exhaust his administrative remedies *before* filing his lawsuit,

---

[2] Mr. Wright placed his complaint in the prison mail system on January 10, 2024. *See* ECF 1 at 3; *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (describing prison mailbox rule).

3

and cannot exhaust his remedies while his lawsuit is pending); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later). Additionally, the Offender Grievance Process provides a remedy for inmates to follow if they submit a grievance and receive no receipt or response from the Grievance Office. Specifically, the Offender Grievance Process provides that, in the event an inmate submits a grievance and doesn't receive a receipt or response from the Grievance Specialist within ten business days, he must "notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 14-2 at 10. Mr. Wright provides no evidence he complied with this requirement, and couldn't possibly have done so before he filed this lawsuit on January 10, 2024.

Accordingly, accepting as true that Mr. Wright submitted a grievance on January 5 and never received any receipt or response from the grievance office, the undisputed facts nevertheless show he had available administrative remedies he hadn't exhausted when he filed this lawsuit on January 10, 2024. Warden Smiley has met his burden to show Mr. Wright didn't exhaust all available remedies before filing this lawsuit. Summary judgment is warranted in his favor.

For these reasons, the court:

(1) DENIES Warden Smiley's motion to strike Mr. Wright's sur-reply (ECF 43);

(2) GRANTS Warden Smiley's motion for summary judgment (ECF 13); and

(3) DIRECTS the clerk to enter judgment in favor of Warden Smiley and against Ron Eric Wright and to close this case.

SO ORDERED.

December 20, 2024  *s/ Damon R. Leichty*
Judge, United States District Court